UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

Narendra Gupta,

                                                       Case No.: 08 CIV 5132 (JSR/KNF)

                    Plaintiff,

        -against-                    Verified Complaint

                                                    Plaintiff Demands
                                                    Trial By Jury

New York City Health and Hospitals Corporation,

                    Defendant.

-------------------------------------------------------------------X

       Plaintiff, Narendra Gupta, by his attorneys, the Law Office of Vincent R. Fontana, P.C., complains of defendant the New York City Health and Hospitals Corporation (hereinafter "HHC") as follows:

**<u>NATURE OF ACTION</u>**

       1. This is an action to remedy discrimination based on race, age, national origin and religion, and for retaliation because plaintiff filed internal complaints with the Human Resources Department of HHC, and filed complaints with the Equal Employment Opportunity Commission under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-e, et seq. It is also alleged the plaintiff has been discriminated against in violation of the Age Discrimination in Employment Act, 29 U. S.

C. § 623; the New York State Human Rights Law, New York Executive Law § 290 et seq.; and the New York City Human Rights Law, Administrative Code § 8-101 et. seq.

2. Plaintiff seeks declaratory relief, compensatory damages, liquidated damages and such other and further relief as the Court deems proper.

## JURISDICTION AND VENUE

3. All discriminatory employment practices alleged herein were committed within the City and State of New York and within the jurisdiction of the United States District Court, for the Southern District of New York.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 1331 and 1343 (a) (3), and 29 U.S.C. § 621 et seq. Plaintiff's New York City and New York State claims are interposed pursuant to the Court's pendent jurisdiction.

5. Venue is proper pursuant to 29 U.S.C. § 1391 (b) (2) in that the events giving rise to the claims occurred in the Southern District.

6. Plaintiff has satisfied all conditions precedent to instituting this lawsuit by timely filing a complaint with the Equal Employment Opportunity Commission on September 12, 2007 and receiving a Right-to-Sue letter dated April 22, 2008 (see Exhibit "A"). Plaintiff supplemented his complaint to the EEOC on January 28, 2008. This Action was commenced within 90 days of receipt of the EEOC's notification of the Right-to-Sue.

## PARTIES

7. Plaintiff is a citizen of the United States and the City and State of New York and resides at 32-23 88th Street, Unit 106, Jackson Heights, New York 11369,

which is located in Queens County, New York. The plaintiff is Asian having been born in India. His religion is Hindu. The plaintiff is 57 years of age.

8. Upon information and belief, defendant, New York City Health and Hospitals Corporation (hereinafter "HHC") is a not-for-profit medical corporation and an employer as defined in Title VII, the Age Discrimination in Employment Act, New York's Executive Law and the Administrative Code for the City of New York. Upon information and belief, defendant has substantially more than 15 employees.

9. Upon information and belief, HHC's principal place of business is located at 125 Worth Street, New York, New York 10013.

10. Upon information and belief, the defendant is engaged in an industry affecting commerce within the meaning of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-e (h).

11. Upon information and belief, Laura Free is Director of Managed Care/ Finance, and plaintiff's supervisor, Ms. Free is white and, upon information and belief, under the age of 40. Prior to January 1, 2008 plaintiff's supervisor was Alina Moran. Ms. Moran is Hispanic and under the age of 40.

12. Since January 1981 plaintiff has been employed by HHC with various titles, such as: Assistant Accountant (81), Health Care Program Planner Analyst (83-86), Supervising Systems Analyst (86-87), Senior Management Consultant (87-93), Associate Director-Budget (93-95), Senior Management Consultant (95-present) (Level I and Level II).

13. On February 19, 2004 plaintiff was demoted when he was transferred from the Office of Human Resources to the Finance/Cash Management department. At

that time his salary was reduced by approximately $15,000 and his duties and responsibilities reduced.

14. On or about November 4, 2004, plaintiff filed a complaint with the EEOC alleging that he had been discriminated against because of his race, color, sex, religion, national origin and age (Charge No.: 160-2005-00179).

15. The EEOC issued a right to sue letter dated March 29, 2005. However, plaintiff did not file a complaint in federal court at that time. Upon information and belief, the defendant herein submitted a response to plaintiff's complaint.

16. On or about August 2005 plaintiff was transferred, to the Office of Managed Care, with more complex work but without any increase in salary in contravention of HHC policy and procedures. Upon information and belief, the transfer was prompted by plaintiff filing the complaint with the EEOC referenced above.

17. As part of the continuing pattern of harassment and retaliation, on or about March 23, 2006, plaintiff received an evaluation of "Needs Improvement". On April 10, 2006, he submitted a Rebuttal to this incorrect and retaliatory evaluation. HHC failed to respond or correct the evaluation.

18. On or about August 11, 2006, plaintiff applied for the posted position of Assistant Director in the Finance Department for HHC. He was denied the position notwithstanding the fact that he was eminently qualified for the position.

19. On or about August 14, 2006, plaintiff also applied for the posted position of Associate Director-Finance/Patient Accounts at Lincoln Medical Center. Notwithstanding the fact that he was qualified for the position, and in continuation of defendant's retaliatory conduct, on or about May 24, 2007 he was denied the position.

20. On or about September 19, 2006, plaintiff was again denied a promotion to Assistant Director-Corporate Budget, as a continuation of HHC's retaliatory conduct.

21. On or about September 28, 2006, plaintiff applied for the position of Associate Director-Affiliation Administration, Level B. However, notwithstanding his qualifications for the position, and as a continuation of HHC's retaliatory conduct toward him, plaintiff's application was denied on or about December 13, 2006. Upon information and belief, the defendant hired a white woman under the age of 40 for the position.

22. On or about May 3, 2007, plaintiff applied for the posted position of Assistant Director-Capital Budget and Contract Control. Notwithstanding plaintiff's superior qualifications for the position, and as a continuation of HHC's retaliatory conduct toward him, he was denied the position. Upon information and belief, the position remains open.

23. On or about May 22, 2007, plaintiff filed an internal complaint with HHC alleging he was discriminated against based on race, age, sex, national origin and color. Without interviewing plaintiff, his internal complaint was rejected. Upon information and belief defendant did not investigation plaintiff's complaint.

24 On or about June 29, 2007, plaintiff applied for the posted position of Assistant Director-Capital Budget and Contract Control. However, notwithstanding plaintiff's qualifications for the position, and as a continuation of HHC's retaliatory conduct toward him, plaintiff was denied the position. Upon information and belief, the position remains open.

25. In addition to denying plaintiff the various positions for which he applied and was qualified for as noted above, HHC has engaged in a pattern and practice of retaliating against him in other respects. For example, on or about April 2007, Ms. Mellissa Williams, a black female, was hired to perform essentially the same duties and responsibilities as plaintiff. She had a lower title of Senior Management Consultant-Level I. However, she is being paid a substantially higher salary than plaintiff. She was also awarded a larger and more private office notwithstanding the fact that plaintiff had seniority. Upon information and belief, Ms. Williams is 35 years of age.

26. On or about November 26, 2007, plaintiff's supervisor, Alina Moran, completed his evaluation for the period July 1, 2006 to June 30, 2007.

27. This evaluation resulted in a "Below Standard" overall evaluation, notwithstanding the fact that plaintiff's evaluations prior to filing charges against HHC were at least "Satisfactory".

28. On or about December 4, 2007, plaintiff submitted a rebuttal to the November 26, 2007 evaluation. To date, in violation of its policies and procedures, HHC has neither corrected his evaluation nor disagreed with the arguments set forth in plaintiff's rebuttal.

29. The pattern of discrimination and retaliation has continued unabated. For example, on or about May 1, 2008, Laura Free issued an unjustified Employee Warning Notice and on April 14, 2008 she issued a Notice to Report for Counseling. Neither was justified. One of the grounds alleged for issuing the Notice to Report for Counseling, was the allegation that plaintiff was insubordinate. Plaintiff denied ever being insubordinate to Ms. Free. The charge related to plaintiff's request to review his

evaluation with his attorney before signing it. Ms. Free refused to allow him to do so. Upon information and belief Ms. Free's behavior violated HHC policy. It is also believed that other HHC employees supervised by Ms. Free were not required to sign their evaluations or face charges of insubordination.

## AS AND FOR A FIRST CAUSE OF ACTION

30. Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31. By the acts and practices described above, defendant discriminated against plaintiff in the terms and conditions of his employment on the basis of this race, color, age, religion, and national origin and in retaliation of his filing a complaint with the EEOC and internally with the Human Resources Department of the HHC, in violation of Title VII and the Age Discrimination in Employment Act.

32. Defendant acted with malice and reckless indifference to plaintiff's rights under Title Vll and the Age Discrimination in Employment Act.

33. Plaintiff now suffers and will continue to suffer monetary damages and irreparable injury, including mental distress, and other compensatory damages and humiliation, as a result of defendant's discriminatory conduct, unless and until this Court grants relief.

**AS AND FOR A SECOND CAUSE OF ACTION**

34. Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "33" with the same force and effect as if fully set forth herein.

35. The defendant has violated the New York's Executive Law §290 et seq., commonly known as the New York Human Rights Law, by discriminating against plaintiff on the basis of his age, race, religion, and national origin and in retaliation for plaintiff filing a complaint with the EEOC and internally with the Human Resources Department of the HHC.

36. Defendant acted with malice and reckless indifference to plaintiff's rights under Executive Law §290, et. seq.

37. As a result of defendant's discrimination against him, plaintiff has suffered damages, including without limitation, deprivation of income and benefits, as well as emotional pain, suffering, inconvenience, mental anguish, humiliation, and damages to his reputation and career.

**AS AND FOR A THIRD CAUSE OF ACTION**

38. The plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "37" with the same force and effect as if fully set forth herein.

39. As the plaintiff's employer, the defendant has a duty to treat the plaintiff in an honest, responsible, lawful, and non-negligent manner. Notwithstanding that obligation, the defendant breached its duty to plaintiff by the unlawful demotion of the plaintiff and denying him opportunities for promotion, as set forth above, in violation of state, local and federal law.

40. A reasonably foreseeable consequence of the defendant's unlawful conduct toward the plaintiff is the causation of severe emotional distress. The defendant knew or should have known that its action in its unlawful conduct toward the plaintiff would unreasonably subject him to severe mental anguish and physical distress.

41. As set forth above, the plaintiff in fact suffered severe emotional trauma as a direct result of the defendant's unlawful action. The emotional trauma suffered is genuine, substantial, and proximately caused by the defendant's negligent conduct.

## AS AND FOR A FOURTH CAUSE OF ACTION

42. The plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "41" with the same force and effect as if fully set forth herein.

43. By its actions, the defendant has violated the New York City Administrative Code, § 8-101 et seq., commonly known as the New York City Human Rights Law, by discriminating against plaintiff on the basis of race, religion, national origin, and age and in retaliation for plaintiff exercising his rights under the Constitution and laws of the United States and the State and City of New York.

44. Defendant acted with malice and reckless indifference to plaintiff's rights.

45 As a result of defendant's discrimination against plaintiff, the plaintiff has suffered damage, including but without limitation, deprivation of income and benefits, as well as emotional pain, suffering, inconvenience, mental anguish, humiliation, and damage to his reputation and career.

**RELIEF REQUESTED**

46. The plaintiff requests the Court to grant him the following relief:

    a.    A declaratory judgment that the defendant's acts, policies, practices, and procedures complained of herein violated the plaintiff's rights as secured by the Age Discrimination In Employment Act, Title Vll, the New York State Human Rights Law, New York Executive Law §290 et seq., and the New York City Administrative Code, § 8-101 et seq.

    b.    That the defendant be permanently and forever enjoined from any further prohibited discrimination against the plaintiff;

    c.    That the plaintiff be awarded compensatory damages in an amount to be determined at trial, but not less than $750,000;

    d.    That the plaintiff be awarded punitive damages in an amount to be determined at trial, but not less than $3,000,000;

    e.    That the plaintiff be awarded reasonable attorney's fees, including litigation expenses and costs; and

      f.  That the plaintiff be granted such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
    June 3, 2008

                Yours, etc.,

                Law Office of Vincent R. Fontana, P.C.

                By:_____
                  Vincent R. Fontana
                  Attorneys for Plaintiff
                  1010 Franklin Avenue, Suite 200
                  Garden City, NY  11530
                  Tel:  (516) 640-4505
                  Fax:  (516) 640-4983

# EXHIBIT "A"

EEOC Form 161 (1/08)     ..AL EMPLOYMENT OPPORTUNITY IN. .ON

## DISMISSAL AND NOTICE OF RIGHTS

To: **Mr. Narendra Gupta**
32-23 88th Street, Apt. 106
Jackson Heights, NY 11369

From: **New York District Office**
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520 – 2007 - 04477 | **Katherine Greenfield** | (212) 336 - 3762 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of **this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

4/22/08

Enclosures(s)     *(Date Mailed)*

cc:    Mr. Vincent R. Fontana
Fontana & Broderick, LLP
1010 Franklin Avenue, Suite 200
Garden City, NY 11530

Ms. Lena Mullings
NYC Health and Hospitals Corporation
346 Broadway, Suite 711
New York, NY 10013