UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NARENDRA GUPTA,

                          Plaintiff,

              -against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

                        Defendant.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

Civil Action No. 08 CV 5132
(JSR)

        Defendant New York City Health and Hospitals Corporation ("HHC"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its answer to the Complaint, alleges as follows:

        1.      Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as set forth therein.

        2.      Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to seek the relief requested therein.

        3.      Denies the allegations set forth in paragraph "3" of the Complaint.

        4.      Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as set forth therein and respectfully refer the Court to the statutes referred to therein for a complete and accurate statement of their contents.

        5.      Denies the allegations set forth in paragraph "5" of the Complaint, except admits that venue is proper in the Southern District of New York.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, except admits that the EEOC issued a right to sue letter on April 22, 2008.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.    Denies the allegations set forth in paragraph "8" of the Complaint, except admits that HHC employs more than 15 employees.

9.    Denies the allegations set forth in paragraph "9" of the Complaint, except admits that HHC maintains an office at 125 Worth Street, New York, New York 10013.

10.   Admits the allegations set forth in paragraph "10" of the Complaint.

11.   Denies the allegations set forth in paragraph "11" of the Complaint, except admits that Laura Free is white, the Director of Managed Care/Finance, and plaintiff's supervisor, and that Alina Moran is under the age of 40, Hispanic and, prior to January 1, 2008, plaintiff's supervisor.

12.   Denies the allegations set forth in paragraph "12" of the Complaint, except admits that plaintiff has been employed by HHC since January 19, 1981 and held the titles of Accountant, Health Care Program Planner Analyst, Supervising Systems Analyst, Senior Management Consultant, and Associate Director-Budget.

13.   Denies the allegations set forth in paragraph "13" of the Complaint, except admits that plaintiff was offered a position within the Finance Division on or about February 18, 2004.

14.     Denies knowledge or information sufficient to form a belief as to the date plaintiff filed her EEOC charge, admits that plaintiff filed an EEOC charge and otherwise denies the allegations set forth in paragraph "14" of the Complaint.

15.     Denies the allegations set forth in paragraph "15" of the Complaint, except admits that the EEOC issued a right to sue letter on March 29, 2008 and that defendant responded to plaintiff's EEOC charge.

16.     Denies the allegations set forth in paragraph "16" of the Complaint, except admits that plaintiff was transferred to the Office of Managed Care in or about August 2005.

17.     Denies the allegations set forth in paragraph "17" of the Complaint, except admits that on or about March 23, 2006, plaintiff received a performance evaluation with an overall rating of "Needs Improvement" and that plaintiff submitted a rebuttal to the performance evaluation dated April 10, 2006.

18.     Denies the allegations set forth in paragraph "18" of the Complaint.

19.     Denies the allegations set forth in paragraph "19" of the Complaint, except admits that plaintiff applied for the position of Associate Director-Finance/Patient Accounts with Lincoln Medical and Mental Health Center.

20.     Denies the allegations set forth in paragraph "20" of the Complaint.

21.     Denies the allegations set forth in paragraph "21" of the Complaint, except admit that plaintiff applied for the position of Associate Director-Affiliation Administration, Level B.

22.     Denies the allegations set forth in paragraph "22" of the Complaint, except admits that plaintiff applied for the position of Assistant Director-Capital Budget and Contract Control.

23.    Denies the allegations set forth in paragraph "23" of the Complaint, except admits that plaintiff filed an internal discrimination complaint with HHC's Office of Affirmative Action and Equal Employment Opportunity on May 22, 2007.

24.    Denies the allegations set forth in paragraph "24" of the Complaint, except admits that plaintiff applied for the position of Assistant Director-Capital Budget and Contract Control.

25.    Denies the allegations set forth in paragraph "25" of the Complaint, except admits that in or about April 2007, HHC hired Mellissa Williams.

26.    Denies the allegations set forth in paragraph "26" of the Complaint, except admits that Alina Moran completed plaintiff's evaluation for the period July 2006 to June 2007 on or about November 26, 2007.

27.    Denies the allegations set forth in paragraph "27" of the Complaint, except admits that plaintiff received an overall evaluation of "Needs Improvement (Below Standard)."

28.    Denies the allegations set forth in paragraph "28" of the Complaint, except admits that plaintiff submitted a "Rebuttal for Annual Performance Evaluation Period Covered: From 07/06 To 06/07."

29.    Denies the allegations set forth in paragraph "29" of the Complaint, except admits that plaintiff was issued a Notice to Report for Counseling Session/Warning Notice on February 14, 2008 and an Employee Warning Notice on May 1, 2008.

30.    In response to the allegations set forth in paragraph "30" of the Complaint, Defendant repeats and realleges their responses set forth in paragraphs "1" through "29" of the Complaint as if fully set forth herein.

31.    Denies the allegations set forth in paragraph "31" of the Complaint.

32.     Denies the allegations set forth in paragraph "32" of the Complaint.

33.     Denies the allegations set forth in paragraph "33" of the Complaint.

34.     In response to the allegations set forth in paragraph "34" of the Complaint, Defendant repeats and realleges their responses set forth in paragraphs "1" through "33" of the Complaint as if fully set forth herein.

35.     Denies the allegations set forth in paragraph "35" of the Complaint.

36.     Denies the allegations set forth in paragraph "36" of the Complaint.

37.     Denies the allegations set forth in paragraph "37" of the Complaint.

38.     In response to the allegations set forth in paragraph "38" of the Complaint, Defendant repeats and realleges their responses set forth in paragraphs "1" through "37" of the Complaint as if fully set forth herein.

39.     Denies the allegations set forth in paragraph "39" of the Complaint.

40.     Denies the allegations set forth in paragraph "40" of the Complaint.

41.     Denies the allegations set forth in paragraph "41" of the Complaint.

42.     In response to the allegations set forth in paragraph "42" of the Complaint, Defendant repeats and realleges their responses set forth in paragraphs "1" through "41" of the Complaint as if fully set forth herein.

43.     Denies the allegations set forth in paragraph "43" of the Complaint.

44.     Denies the allegations set forth in paragraph "44" of the Complaint.

45.     Denies the allegations set forth in paragraph "45" of the Complaint.

46.     Denies the allegations set forth in paragraph "47" of the Complaint, except admits that plaintiff purports to seek relief as set forth therein.

## AS AND FOR A FIRST DEFENSE

47.     The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

48.     Defendant exercised reasonable care to prevent and promptly correct the occurrence of discriminatory acts, if any, by any supervisor or employee.

## AS AND FOR A THIRD DEFENSE

49.     Defendant maintains complaint procedures for the purpose of allowing employees to complain about purported discriminatory or harassing behavior.

50.     Plaintiff was aware of such complaint procedures.

51.     Plaintiff failed to avail himself of such complaint procedures.

## AS AND FOR A FOURTH DEFENSE

52.     The Complaint is barred, in whole or in part, by Plaintiff's failure to satisfy statutory conditions precedent to suit.

## AS AND FOR A FIFTH DEFENSE

53.     Plaintiff has failed to mitigate his damages, if any.

## AS AND FOR A SIXTH DEFENSE

54.     The Complaint is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SEVENTH DEFENSE

55.     This Court lacks jurisdiction over any Title VII claim that was not contained in plaintiff's charge of discrimination filed with the EEOC.

**WHEREFORE**, defendant requests judgment dismissing the Complaint in its entirety, together with defendant's costs, fees and disbursements incurred in defending this action, and such other and further relief as to the Court seem just and proper.

Dated: New York, New York
      August 12, 2008

                      MICHAEL A. CARDOZO
                      Corporation Counsel of the City of New York
                      Attorney for Defendant
                      100 Church Street, Room 2-115
                      New York, New York 10007
                      212-788-1158

            By: _____
                      Daniel Chiu (DC-3381)
                      Assistant Corporation Counsel

To:    LAW OFFICE OF VINCENT R. FONTANA, P.C.
        Attorney for Plaintiff
        1010 Franklin Avenue, Suite 200
        Garden City, New York 11530
        516-640-4505

## CERTIFICATION OF SERVICE

I, Daniel Chiu, hereby certify that:

On August 12, 2008, I served the annexed Answer to Complaint by depositing a true and correct copy, into the custody of United States Postal Service, in an enclosed envelope with sufficient postage for first-class mail addressed to:

> Law Office of Vincent R. Fontana, P.C.
> Attorney for Plaintiff
> 1010 Franklin Avenue, Suite 200
> Garden City, New York 11530

I certify under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
August 12, 2008

_____
Daniel Chiu